IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RICARDO SAENZ, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. _7:15-cv-298_ |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA AND ARNOLD NERIO, | § | |
|     Defendants | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Safeco Insurance Company of Indiana ("Safeco"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446(a) and respectfully shows the following:

## I.      BACKGROUND

1.      On March 16, 2015, Plaintiff Ricardo Saenz ("Plaintiff") filed a Texas state court action against Defendants Safeco and Arnold Nerio styled Cause No. DC-15-141; *Ricardo Saenz v. Safeco Insurance Company of Indiana and Arnold Nerio;* In the 381st Judicial District Court, Starr County, Texas.[1]

2.      Safeco was served with process on June 5, 2015 and filed its Original Answer in State Court on June 15, 2015.

3.      Upon information and belief, Plaintiff Ricardo Saenz is a citizen of Texas residing in Starr County.[2]

4.      Safeco is a corporation organized under the laws of Indiana and has its principal place of business in Massachusetts.

---

[1] *See* Exhibit A, Plaintiff's Original Petition.
[2] *Id.* at Section II.

5.      Defendant Arnold Nerio is an independent insurance adjuster and is alleged to be a citizen of Texas.[3]

6.      This lawsuit involves a dispute over the handling of Plaintiff's insurance claims made under a Texas Homeowners Policy for damages allegedly sustained to his property as a result of a storm that occurred in or about May 2014.  Plaintiff alleges, in conclusory fashion, that the Defendants breached the insurance contract with Plaintiff, breached the duty of good faith and fair dealing, and committed unfair practices and made misrepresentations that violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA").[4]  Plaintiff's Original Petition asserts all theories of liability against 'Defendants' collectively and does not assert any cause of action against either Defendant individually.[5]

## II.      BASIS FOR REMOVAL -- DIVERSITY JURISDICTION

7.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. § 1441(a) and (b) because there is complete diversity of citizenship between the properly-joined parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.  Complete Diversity Exists Among All Properly-Joined Defendants

8.      There is complete diversity of citizenship between the properly-joined parties. Plaintiff is a citizen of Texas residing in Starr County, Texas.  Safeco is a corporation organized under the laws of another state (see above) with its principal places of business in a state other than Texas.  Defendant Arnold Nerio is not a properly-joined Defendant, and his alleged Texas citizenship should be disregarded for diversity purposes.

---

[3] *Id.*
[4] *Id.* at Section VII.
[5] *Id.*

9.      A removing party can establish federal jurisdiction on the basis of 28 U.S.C. § 1332 by demonstrating that in-state defendants have been "improperly joined." *Smallwood v. Illinois Cent. R. Co.* 385 F.3d 568, 573 (5th Cir. 2004).   To establish improper joinder, a removing party may show either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).   The latter of the two grounds for improper joinder exists here.

10.      Texas District Courts may consider whether a party was improperly joined by conducting a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Rocha v. Geovera Specialty Insurance Co*., 2014 WL 68648 (S.D. Tex. – McAllen) at 1, and *Garza v. Geovera Specialty Insurance Co*., 2014 WL 66830 (S.D. Tex. – McAllen) at 1-2, quoting *Smallwood v. Ill. Cent. R.R. Co*., 385 F.3d 568, 573 (5th Cir. 2004). See also *Garza v. State Farm Lloyds*, 2013 WL 3439851 (S.D. Tex. – McAllen) at 2.

11.      The petition is evaluated under state-court pleading standards, which require that a court be able, with reasonable certainty, to ascertain the elements of plaintiff's cause of action and relief sought and be provided sufficient information on which to base a judgment  from examination of plaintiff's pleadings alone.  *Rocha* at 2 and *Garza v. Geovera* at 2, citing *Edwea v. Allstate Insurance Co*., 2010 WL 5099607 (S.D. Tex. – Houston) and *Stoner v. Thompson*, 578 S.W. 679, 683 (Tex. 1979).   See also *Garza v State Farm Lloyds* at 2.   "The Court determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal." *Id*., quoting *Cavallini v. State Farm Mut. Auto Ins. Co*., 44 F.3d 256, 264 (5th Cir. 1995).

12.     Texas District Courts have held that improperly lumping parties together is not sufficient for proper joinder.   An original petition containing allegations made only against 'defendants,' without a factual basis for individual responsibility, fails to adequately state its claims against the non-diverse defendant.  See, e.g., *Landing Council of Co-Owners v. Federal Insurance Co.*, 2013 WL 530315 (S.D. Tex. – Houston) at 3-4; *Studer v. State Farm Lloyds*, 2014 WL 234352 (E.D. Tex. – Sherman) at 4; *Jones v. Allstate Insurance Co.*, 2014 WL 415951 (N.D. Tex. – Dallas) at 4.

13.     The Court also may, on a limited basis, "pierce the pleadings" if the plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder.  *Smallwood,* 385 F.3d at 573-74.  In such instances, the court may conduct a summary inquiry, but "only to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery against the in-state defendant." *Id*.

### B.  Arnold Nerio Is Not a Properly-Joined Defendant

14.     Defendant Arnold Nerio is improperly joined, and his alleged Texas citizenship should be ignored for jurisdictional purposes.  Plaintiff fails to plead any specific facts reasonably supporting liability on the part of Nerio. In fact, the only substantive allegations in the Petition regarding Nerio are found in Section VI, paragraphs E-G, which state, in effect, that 1) Nerio was assigned by Safeco to adjust claim number 287943775002; 2) Nerio inspected Plaintiff's property after the alleged May 2014 storm; and, 3) Nerio prepared a repair estimate which underscoped the covered damages to Plaintiff's property.  As discussed below, these allegations are demonstrably untrue with regard to Nerio's involvement in claim no. 287943775002.  Moreover, to the extent Plaintiff may intend to refer to Nerio in any way in the

balance of the Petition, he does so only by collectively lumping him into generalized allegations regarding the "Defendants" collectively.

15.     The Court will search in vain for any specific factual allegations in Plaintiff's Original Petition that state a reasonable basis for recovery from Nerio.  In fact, nowhere in the Petition does Plaintiff identify any specific misrepresentation or misconduct attributable to Nerio. Plaintiff merely disagrees with the amount of damage reflected in Nerio's estimate for his May 2014 claim; he does not articulate any basis for liability against Nerio other than the fact that he was not adequately compensated for his alleged loss.     Allegations against an adjuster which are based on nothing more than a disagreement regarding the scope of repair are not sufficient to support an individual claim against the adjuster.  *See Santos v. State Farm Lloyds, Inc.* 2006 WL 3779798 (W. D. Tex.—San Antonio) at 4  ("As a whole, these allegations against defendant Ortiz [that the scope of his estimate was inadequate] are insufficient to support an individual claim against him; rather, ***those allegations are more properly directed to State Farm Lloyds***. While it is true under the framework of [*Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999)] it is possible to state a cause of action against an adjuster, the *Griggs* requirements of unfair settlement practices or actionable misrepresentation have not been met here." (emphasis added).

16.     Further, the Petition does not allege that Nerio is a "person" subject to the Insurance Code.

17.     In addition, the Petition does not allege that Nerio's actions resulted in damage to the Plaintiff.

18.     Moreover, Plaintiff avers that "Defendants" violated the Insurance Code or DTPA or breached other duties by merely reciting the legal elements each claim.[6] In *Guerrero Investments, LLC v. American States Insurance Company et al,* this court denied Plaintiff's Motion to Remand, stating "…Plaintiff's Original Petition does not identify a reasonable basis for recovery against [adjusting company] Mason.  The "Facts" section of the pleading makes no allegation specific to this Defendant and the sections setting forth Plaintiff's causes of action against Mason amount to no more than conclusory recitations of the elements of Plaintiff's [causes of action].  In other words, Plaintiff's allegations lack the required "factual fit."[7]  In Plaintiff's Original Petition, his causes of action are *also* not supported by any facts specifically related to Nerio or to Plaintiff's claims.  Therefore, Plaintiff's allegations in this matter *also* lack the required "factual fit."

19.     This manner of pleading does not state a claim against an insurance adjuster. When an adjuster's actions "can be accomplished by [the insurer] through an agent" and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster.  *Keen v. Wausau Bus. Ins. Co.*, No. H-11-1415, 2012 WL 949141, at \*\*2-3 (S.D. Tex. Mar. 20, 2012); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, at \*14 (S.D. Tex. Jan. 20, 2011).  The same is true under the "fair notice" standard applicable in Texas state courts.  Plaintiff must put Defendants on fair notice of the allegations against them, not require Defendants to glean the factual basis of such allegations from a list of ambiguous legal conclusions.[8]

---

[6] *Id.* at Section VII, ¶¶ B-D.
[7] *Guerrero Inv., L.L.C. v. Am. States Ins. Co.,* 2013 WL 5230718 (S.D. Tex. Sept. 17, 2013) at \*3.
[8] *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* Slip Copy, 2009 WL 3602043, at \*3-4 (holding that the plaintiff's allegations are really "legal conclusions couched as factual allegations" which not do not provide a

20.     Whether viewed through the lens of either the federal or Texas pleading standard, Plaintiff must allege specific actionable conduct attributable to the insurance adjuster.  Here, Plaintiff has failed on that score.  Plaintiff fails to plead any breach of the duty of good faith and fair dealing against Nerio, as Nerio has no such duty in the absence of a contractual insurance relationship with Plaintiff.  Likewise, Plaintiff fails to plead any false, deceptive, misleading, or unconscionable acts by Nerio. In addition, Plaintiff does not plead any facts that would establish any Insurance Code violation by Nerio. Such pleading does not provide a reasonable possibility of recovery.  Accordingly, Nerio is not properly joined and his citizenship should be disregarded for diversity jurisdiction purposes.

### C.  The Amount in Controversy Exceeds $75,000

21.     This Court has diversity jurisdiction over this matter because the amount in controversy exceeds the jurisdictional threshold.  Plaintiff's Original Petition specifies that Plaintiff seeks monetary relief more than $100,000.00, but not more than $200,000.00.[9]

---

reasonable possibility of recovery); *see also* Frisby v. Lumbermens Mut. Cas. Co., No. H-07-015, 2007 WL 2300331, at *4 (S.D.Tex. Feb.20, 2007) (Miller, J.) (finding virtually identical complaint listing statutory provisions of the Insurance Code and stating that such provisions were violated by the insurance company and adjuster jointly "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the individual adjuster]"); *Bailey v. State Farm Lloyds,* No. H-00-3638, 2001 WL 34106907, at *4-6 (S.D.Tex. April 12, 2001) (Gilmore, J.) (finding allegations against both the insurance company and the adjusters that apparently denied the plaintiff's claim were "near-verbatim recitation[s]" of the insurance code that did not state a claim against the adjusters personally because there were no facts alleging what acts were attributable to the adjusters as opposed to the insurance company); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D.Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Both Defendants" violated such provisions were "legal conclusions couched as factual allegations," and stating, "The problem plaintiff has with each of these alleged violations is that it has alleged no facts to show that [the adjuster] performed any act that could be construed as a violation of any of the aforementioned sections [of the Insurance Code]."); *Broadway v. Brewer,* No. 4:08-cv-475, 2009 WL 1445449, at *2 (E.D.Tex. May 21, 2009) (finding a petition listing statutory provisions of the Insurance Code that were violated by "Defendants" "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.,* No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D.Tex. Sept.29, 2008) (finding petition listing violations of the Insurance Code committed by the insurance company and then incorporating those violations against the adjuster did not state a claim against the adjuster because "[n]o specific code violations are attributed to [the adjuster] .... Ultimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code.").

[9] *See* Exhibit A, Section IX.

22.     In addition, in determining the amount in controversy, the court may consider "policy limits … penalties, statutory damages, and punitive damages."[10]  Here, Plaintiff alleges that storm occurring in May 2014 caused covered damage to his property and seeks damages for breach of contract under Policy No. Y06740456.[11]  The dwelling limits under Policy No. Y06740456 for the property allegedly damaged by the storm are $222,600.00.  In addition, Plaintiff's Original Petition states that the alleged violations of the Texas Insurance Code were done knowingly, triggering a trebling of potential damages.[12]  Moreover, Plaintiff seeks exemplary damages, court costs and attorney's fees.[13]  Thus, given the policy limits, the nature of Plaintiff's claims, and the types of damages sought, the amount in controversy exceeds the federal jurisdictional minimum.

### D.  The Removal is Procedurally Correct

23.     Safeco was served with the Original Petition on June 5, 2015.  Therefore, Safeco filed this Notice of Removal within the thirty (30) day time period required by 28 U.S.C. §1446(b).  All Defendants are represented by undersigned counsel and join in this removal.

24.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

25.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.  A list of all counsel of record also is attached.

---

[10] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, statutory violations, and mental anguish).
[11] *See* Exhibit A, Section VI, ¶¶ A-D.
[12] *See* Exhibit A, Section X.
[13] *Id.* at Section IX, XI, and XII.

26.     Pursuant to 28 U.S.C. §1446(d), promptly after Safeco files this Notice, written notice of the filing of the Notice of Removal will be given to Plaintiff, the adverse party, and a copy of this Notice will be filed with the Clerk of the Court of Starr County, Texas.

### III.     CONCLUSION

Safeco requests that this action be removed from the 381st Judicial District Court of Starr County, Texas to the United States District Court for Southern District of Texas, McAllen Division, and that this Court enter such further orders as may be necessary and appropriate and grant any further relief to which Defendants are entitled.

Respectfully submitted,

By: _____

David R. Stephens
Attorney in Charge
State Bar No. 19146100
LINDOW ▪ STEPHENS ▪ TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Defendant's Notice of Removal was filed electronically with the United States District Court for the Southern District of Texas, McAllen Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 6th day of **July, 2015**, addressed to Plaintiff's counsel of record below.

William N. Allan, IV
Wes Holland
ALLAN, NAVA, GLANDER, & HOLLAND PLLC
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216

David R. Stephens